UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.

JUAN JOSE ORTIZ SERNA,

    Plaintiff,

vs.

JEFF ALBERT ROOFING, INC.,
a Florida corporation, and
JEFF ALBERT, individually,

    Defendants.
_____/

## **C O M P L A I N T**

    COMES NOW, the Plaintiff, JUAN JOSE ORTIZ SERNA, by and through his undersigned attorneys, and hereby sues the Defendants, JEFF ALBERT ROOFING, INC., a Florida corporation, and JEFF ALBERT, individually, and alleges:

    1.    This is an action for damages under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA"), the Florida Constitution, Article 24, Section 10 as implemented by the Florida Minimum Wage Act, Fla. Stat. § 448.110 ("FMWA"), and the Internal Revenue Code's prohibition on willful filing of fraudulent tax information forms, 26 U.S.C. § 7434.

## **PARTIES**

    2.    Plaintiff, JUAN JOSE ORTIZ SERNA (hereinafter "Plaintiff"), brings an action for minimum wage and overtime violations and for fraudulent filing of tax information forms. Plaintiff is, and was at all times material hereto, a resident of Palm Beach County, Florida. Plaintiff was an

employee of Defendant, JEFF ALBERT ROOFING, INC., from approximately 2015 to 2019. Plaintiff performed nonexempt duties and related activities in Palm Beach County, Florida.

3.  Defendant, JEFF ALBERT ROOFING, INC. (hereinafter "JA Roofing" and/or Defendant), is an employer and a Florida corporation authorized to transact business in the State of Florida and further, was conducting business in Palm Beach County, Florida.

4.  Defendant, JEFF ALBERT (hereinafter "Albert" and/or Defendant), is sui juris and a resident of the State of Florida.

5.  At all times material hereto, Albert owned, managed and/or operated JA Roofing and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and/or control the finances and operations of JA Roofing. By virtue of such control and authority, Albert is an employer as such term is defined by the FLSA, 29 U.S.C. §§ 201, et seq.

6.  At all times, Defendants operated a construction business and bought goods for commerce to complete its projects that were moved in from or produced in other states and countries. The Defendants' business activities involve those to which the Fair Labor Standards Act applies. Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

7. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus, making Defendants' business an enterprise covered under the Fair Labor Standards Act.

8. Upon information and belief, JA Roofing had gross sales or had done business in excess of $500,000 annually for the years 2015, 2016, 2017, and 2018.

9. Upon information and belief, JA Roofing's gross sales or business is expected to exceed $250,000 for the first six months of the year 2019 and is expected to exceed $500,000 for the year 2019.

**JURISDICTION**

10. The acts and transactions herein alleged took place in Palm Beach County, Florida.

11. Jurisdiction is conferred on this Court under 28 U.S.C. § 331, this action arising under the laws of the United States; 28 U.S.C. § 1337, this action arising under Acts of Congress regulating commerce; 26 U.S.C. § 7434(a), this being an action for Defendants' willful filing of fraudulent tax information forms; by 29 U.S.C. § 216(b), this action arising under the FLSA; and by 28 U.S.C. § 1367, providing supplemental jurisdiction over the state statutory and common law claims.

12. This Court has supplemental jurisdiction over the claims arising under state law because these claims are so related to the federal claims that they form part of the same case or controversy.

13. Venue is proper under 28 U.S.C. § 1391(b) and (c) because Defendants' principal place of business is in Palm Beach County, Florida.

## FACTUAL ALLEGATIONS

14. Plaintiff worked as a roofing construction worker for JA Roofing between 2015 and 2019. Although he worked more than 40 hours in many workweeks, Plaintiff was always paid on a daily basis ranging from $110 to $130 per day, regardless of the number of hours worked and was never compensated at one and one-half his regular wage rate or any other premium rate for the time he was employed in excess of 40 hours in a given workweek.

15. From the beginning of his employment with JA Roofing until late October 2018, Plaintiff was paid part of his weekly "daily" wages via check and the remaining portion of his weekly wages in cash and off the books. Plaintiff's printed weekly pay stubs would reflect a number of "hours" as worked for the week, but in actuality, it only showed approximately <u>half</u> of the hours worked by Plaintiff during the designated week, while the remaining hours worked were kept off the books with no paystub or any form of documentation. The purpose of the foregoing activities of JA Roofing was to conceal that Plaintiff was working overtime hours. According to Plaintiff's paystubs, his "hourly" rate was $13.00 in 2016; $13.75 in 2017; and $16.25 in 2018 and 2019.

16. Between the period of approximately July 15, 2016 through approximately October 31, 2018, Plaintiff worked an average of 50 hours a week for JA Roofing but was not paid the full extra one and one-half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff, therefore, claims the one and one-half-time overtime rate for each hour worked above 40 in a week. On or amount November 1, 2018, Plaintiff began working less than 40 hours per week, and JA Roofing began to pay all of Plaintiff's earned wages via check only.

17. In developing the Defendants' scheme to avoid taxes and under report hours worked by Plaintiff and failing to pay Plaintiff wages equal to at least his hourly wage and at one and one-half his regular rate for overtime hours as described in Paragraphs 14 through 16, Defendants showed reckless disregard as to whether these practices were prohibited by the FLSA. Although Defendants were aware that it was subject to the provisions of the FLSA, Defendants failed to adequately inquire or ascertain as to whether they were obligated to pay the Plaintiff at one and one-half his regular rate for work in excess of 40 hours in a workweek.

18. Throughout Plaintiff's employment with Defendants, JA Roofing willfully filed fraudulent tax information forms regarding Plaintiff's annual earnings on JA Roofing's operations. Rather than issuing Plaintiff accurate W-2 forms reporting his annual earnings while working for Defendants, JA Roofing reported solely the wages paid in check while omitting those wages paid in cash to Plaintiff as part of a scheme to decrease its tax liability under the Federal Insurance Contributions Act and the Federal Unemployment Tax Act, as well as to avoid paying or reduce JA Roofing's workers' compensation premiums.

19. For payroll and tax purposes, JA Roofing concealed for over three years Plaintiff's actual wages by issuing incorrect W-2 Forms with respect to Plaintiff's earnings. Defendants knowingly, intentionally, and willfully filed the W-2 form corresponding to Plaintiff without accurately reporting Plaintiff's actual annual earnings as part of an effort to limit its liability for taxes under the Federal Insurance and Contributions Act, 26 U.S.C. § 3101, et seq., and the Federal Unemployment Tax Act, 26 U.S.C. §§ 3301, et seq., as well as to avoid paying or reduce JA Roofing's workers' compensation premiums. JA Roofing filed Plaintiff's W-2 form knowing and intending that these fraudulent filings would deprive the Plaintiff of social security and unemployment compensation benefits to which he was entitled.

20. As a result of JA Roofing's fraudulent filing of Plaintiff's W-2 forms and failure to provide Plaintiff with an accurate W-2 form during each year of Plaintiff's employment with JA Roofing, Plaintiff has suffered damages, including the denial of social security earnings credits and unemployment compensation benefits to which he is entitled.

21. Plaintiff suffered physical, emotional, and financial harm as a result of the above numerated acts and omissions of Defendants.

22. In or around January 13, 2019, Plaintiff quit his employment with JA Roofing.

### COUNT I:  PLAINTIFF'S CLAIM FOR FLSA VIOLATIONS

23. Plaintiff reallege and reavers the allegations set forth in Paragraphs 1 through 22 as if fully restated herein.

24. This count sets forth a claim for damages by the Plaintiff for JA Roofing's failure to pay minimum and overtime wages as required by the FLSA, 29 U.S.C. §§ 206 and 207(a).

25. JA Roofing violated the rights of the Plaintiff by employing him for workweeks longer than 40 hours without compensating him for his employment in excess of 40 hours during the workweek at rates not less than one and one-half times the regular rate at which he was employed.

26. The overtime violations set out in Paragraphs 24 and 25 resulted from JA Roofing's failure to pay Plaintiff for every hour worked during each workweek as stated in Paragraphs 14, 15, and 16.

27. JA Roofing's violations of the FLSA were willful within the meaning of the Portal-to-Portal Act, 29 U.S.C. § 255(a), as set out in Paragraph 17.

28. As a consequence of JA Roofing's violations of the FLSA as set out in this count, the Plaintiff is entitled to recover the amount of overtime wages due to him, plus an additional equal amount in liquidated damages, in accordance with Section 16(b) of the Act, 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, JUAN JOSE ORTIZ SERNA, demands judgment against the Defendant, JEFF ALBERT ROOFING, INC., a Florida corporation, for the payment of all overtime hours at one and one-half his regular rate of pay due to him for the hours worked by Plaintiff for which he has not been properly compensated, liquidated damages, and reasonable attorney's fees and costs of this lawsuit, and for such other and further relief as this Court may deem just and proper.

## COUNT II:  FLORIDA MINIMUM WAGE ACT

29. Plaintiff realleges and reavers the allegations set forth in Paragraphs 1 through 22 as if fully restated herein.

30. This count sets forth a claim for damages by Plaintiff for JA Roofing's failure to pay overtime wage provisions of the Florida Constitution as implemented through the Florida Minimum Wage Act, Fla. Stat. § 448.110.

31. JA Roofing failed to pay Plaintiff in compliance with the overtime requirements of the Florida Minimum Wage Act as set out in Paragraphs 14, 15, and 16.

32. Plaintiff has performed all conditions precedent to filing this action under the Florida Minimum Wage Act in accordance with Fla. Stat. § 448.110(6)(a), but JA Roofing has failed to pay the total amount of unpaid wages or otherwise resolve the claims to the satisfaction of the Plaintiff.

33. As a result of JA Roofing's violations of the Florida Minimum Wage Act as described in this count, the Plaintiff is entitled to recover the amount of his unpaid overtime wages in an equal amount as liquidated damages pursuant to Fla. Stat. § 448.110(6)(c).

WHEREFORE, Plaintiff, JUAN JOSE ORTIZ SERNA, demands judgment against the Defendant, JEFF ALBERT ROOFING,INC., a Florida corporation, for the payment of all overtime hours at one and one-half his regular rate of pay due to him for the hours worked by Plaintiff for

which he has not been properly compensated, liquidated damages, and reasonable attorney's fees and costs of this lawsuit, and for such other and further relief as this Court may deem just and proper.

### COUNT III:  WILLFUL FILING OF FRAUDULENT INFORMATION RETURNS
### (26 U.S.C. § 7434)

34. Plaintiff realleges and reavers the allegations set forth in Paragraphs 1 through 22 as if fully restated herein.

35. This count sets forth a claim for damages by Plaintiff for JA Roofing's willful filing of fraudulent information returns in violation of 26 U.S.C. § 7434.

36. With respect to the labor of Plaintiff, JA Roofing willfully filed fraudulent W-2 forms from at least 2014 through 2018.  JA Roofing knew that Plaintiff was an employee of its business, for purposes of applicable tax laws under Section 530(e)(3) of the Revenue Act of 1978. Nonetheless, JA Roofing filed W-2 forms failing to accurately report Plaintiff's annual earnings as set out in Paragraphs 18 and 19.  JA Roofing filed the W-2 forms knowing and intending that these fraudulent filings would deprive Plaintiff of social security earnings credits and unemployment compensation benefits to which he was entitled.

37. As a result of JA Roofing's fraudulent filing of W-2 forms, Plaintiff has suffered damages, including the denial of social security earnings credits and unemployment compensation benefits to which he was entitled.

WHEREFORE, Plaintiff, JUAN JOSE ORTIZ SERNA, demands judgment against the Defendant, JEFF ALBERT ROOFING, INC., a Florida corporation, in the amount of $5,000.00, or the sum of actual damages sustained by the Plaintiff as a result of the fraudulent filings (for the years 2014 through and including 2018), and for attorney's fees and costs pursuant to 26 U.S.C. §7434(b), and for all proper relief including prejudgment interest.

## COUNT IV:  LIABILITY AGAINST DEFENDANT JEFF ALBERT, INDIVIDUALLY

38. Plaintiff realleges and reavers the allegations set forth in Paragraphs 1 through 22 as if fully restated herein.

39. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) hours per week during his employment with Albert within the three (3) year statute of limitations period between approximately July 1, 2016 and October 31, 2018.

40. Albert knowingly and willfully failed to pay Plaintiff at time and one-half of his regular rate of pay for all hours worked in excess of forty (40) hours per week.

41. By reason of the said intentional, willful, and unlawful acts of Albert, Plaintiff has suffered damages, plus he has incurred costs and reasonable attorney's fees.

42. As a result of Albert's willful violations of the FLSA, Plaintiff is entitled to liquidated damages.

43. Plaintiff is entitled to receive all social security earnings credits and unemployment compensation benefits to which he should have received if Albert had paid him his full wages at the correct hourly rate.

44. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action from Albert.

WHEREFORE, Plaintiff, JUAN JOSE ORTIZ SERNA, demands judgment against the Defendants, JEFF ALBERT ROOFING, INC. , a Florida corporation, and JEFF ALBERT, individually, for the payment of all overtime hours at one and one-half his regular rate of pay due him for the hours worked by him for which he has not been properly compensated, liquidated

damages, the sum of $5,000.00 per violation for the years 2014 through and including 2018 in accordance with 29 U.S.C. § 216(b) et seq., reasonable attorney's fees and costs of suit, and for all proper relief including prejudgment interest.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all of the issues so triable by law.

                                      Respectfully submitted,

                                      CHRISTOPHER J. RUSH & ASSOCIATES, P.A.
*Counsel for Plaintiff*
Compson Financial Center, Suite 205
1880 North Congress Avenue
Boynton Beach, FL 33426
561-369-3331
561-369-5902 (fax)
E-mail:  crush@crushlawfl.com
E-mail:  eservice@crushlawfl.com

By_____*/s/ Christopher J. Rush*_____
        Christopher J. Rush    (FBN 621706)